. GILL V. PEOPLE.

*Criminal law — Jurisdiction — when objection to waived — Certiorari — cannot review proceedings after judgment — Indictment — date — Witness — cross-examination of prisoner.*

Where prisoners who were brought before a committing magistrate upon a charge of keeping a disorderly house elected to be tried before the court of special sessions, *held*, that this disposed of all objection to the jurisdiction of that court to try them.

After the prisoners were convicted and sentenced their counsel desired the . court to note an appeal to the court of general sessions for a rehearing. *Held*, that the action of the court thereupon could not be reviewed by *certiorari*. That brings up the record and proceedings to and including, but not. subsequent to judgment. .

The rule is well settled that an indictment will be good if the day and year when the offense occurred can be collected from the whole statement, although they be not expressly averred. '.

The prisoner took the stand as a witness in his own behalf. *Held*, that the court could interrogate him as fully as necessary to test the truth of his . direct testimony.

CERTIORARI to the court of special sessions of the peace in the city of New York, sued out by Thomas Gill and Effie Morton, who were convicted in that court of the misdemeanor of keeping a disorderly house, to review proceedings upon their conviction.

*Peter Mitchell*, for appellants. '

*B. K. Phelps*, district-attorney, for people.

BARRETT, J. (1) The justices of the special sessions return to the writ of certiorari that the appellants were originally brought before a committing magistrate, and thereupon elected and required to be tried by such court of special sessions. This return is not traversed, nor is there any thing in the *record* impugning its truth. This disposes of all the objections to the jurisdiction of the court. *People* v. *Riley*, 5 Park. 401; Laws of 1855, chap. 337, § 5; Laws of 1859, chap. 491, § 1.

(2) At the close of the trial, and after the prisoners had been sentenced, counsel desired the court to note an appeal to the court of general sessions for a rehearing of the case. The point is now

made, that after such appeal the court erred in committing the prisoners to the penitentiary. The notice given to the court below was not of an intention to remove the conviction by certiorari, and an offer to become bound in a recognizance to appear at the general sessions, as provided by art. 4, tit. 3, part 4, chap. 2 of the Revised Statutes. 2 R. S. 718, § 50.

These provisions were abolished by chap. 759 of the Laws of 1857, § 25, but seem to have been restored by chap. 339 of the Laws of 1859, § 1. We have not been referred to any law giving a direct appeal to the general sessions, with a rehearing in that court, to a person convicted at the special sessions, except, perhaps, in cases of petit larceny, or assault and battery, not riotous, and then only where the prisoner had not demanded such trial. 2 R. S. 714, 715, §§ 22, 23, 26.

But the question does not properly arise upon certiorari. That brings up the record and the proceedings to, and including, but not subsequent to judgment, and we have simply to determine whether any error has been shown such as would justify a reversal of the judgment.

If, as claimed, the judgment became void by a simple appeal to the general sessions, then this certiorari was improperly issued and should be quashed. The remedy in such case would be to offer the special sessions bail for trial at the general sessions, and if this were refused, to procure the release of the prisoner, pending the new trial upon *habeas corpus* issued for the purpose of fixing and taking such bail.

(3) The remaining points call for no special consideration. That as to the constitution of the court has been decided adversely to the views of the appellants by the Court of Appeals. The objection to the form of the judgment of the court below is not well taken.

It is questionable whether even the particular situation of the house by way of local description, need be stated. 2 Bish. Crim. Pro., § 111. The objection to the form of the complaint is equally untenable. It was not taken at any stage of the proceedings below, and the idea now advanced is certainly somewhat far fetched, viz.,· that a complaint is to be deemed barred by the statute of limitations because no specific date is named. The complaint, however, does substantially aver that upon the 24th day of May, 1874, the appellants were the keepers of the disorderly house in question. That is clearly to be gathered from the entire complaint and its

verification. The rule is well settled that the indictment will be good if the day and year can be collected from the whole statement, though they be not expressly averred. 1 Starkie Cr. Pl. (2d ed.) 55; 1 Bish. Cr. Pro., § 391.

(4) There is nothing in the exception, as to the admission of testimony, nor was the objection specified under the appellant's fifth point taken to any particular question. It is evident from a perusal of the entire case that the prisoners were not prejudiced by the admission of illegal evidence.

(5) The remaining ground upon which a reversal is claimed is that the court below erred in specially interrogating the prisoner. Gill chose to take the stand as a witness upon his own behalf, and it then became perfectly proper and indeed the duty of the court to interrogate him as fully as might be needful to test the truth of his direct testimony.

(6) We have gone over the evidence and are quite satisfied that the prisoners were guilty, and that the judgment was correct.

The conviction and judgment of the court of special sessions should therefore be affirmed.

*Judgment affirmed.*